**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
| --- | --- | --- |
| JEREMIAH TAYLOR, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-cv-0316 (KBJ) |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security*, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION ADOPTING
## REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Jeremiah Taylor, through his mother, applied to the Commissioner of Social Security ("Commissioner" or "Defendant") for supplemental social security income benefits in 2013, claiming that he was disabled due to his diagnosis of attention-deficit/hyperactivity disorder ("ADHD"), oppositional/defiant disorder ("ODD"), major depressive disorder ("MDD"), mood disorder, and learning disorder. (AR, ECF No. 4-3, at 5–6, 14–15; ECF 4-8 at 57–58.)[1] In January of 2017, an Administrative Law Judge ("ALJ") held a hearing on Taylor's application, and ultimately determined that Taylor is not disabled under the Social Security Act. Taylor then filed the instant lawsuit, requesting that this Court reverse the ALJ's denial decision and grant him benefits. (*See generally* Compl., ECF No. 1.)

On February 13, 2018, this Court referred this matter to a Magistrate Judge for full case management. (*See* Min. Order of Feb. 13, 2018.) On June 13, 2018, Taylor

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

filed a motion asking the Court to either reverse the Commissioner's decision or remand this matter back to the agency for a new hearing, arguing that the ALJ's decision is not supported by substantial evidence and that decision is erroneous as a matter of law. (*See* Pl.'s Mot. for J. of Reversal, ECF No. 7, at 1.) Thereafter, on October 1, 2018, Defendant filed a motion for affirmance of the ALJ's decision, arguing that Taylor failed to meet his burden of establishing that he was entitled to supplemental security income, and that "substantial evidence supports the ALJ's finding that his impairments . . . were not severe enough to functionally equal the clinical requirements of any Listed Impairment." (Def.'s Mem. in Supp. of Her Mot. for J. of Affirmance & in Opp'n to Pl.'s Mot. for J. of Reversal, ECF No. 12, at 1).

Before this Court at present is the Report and Recommendation that the assigned Magistrate Judge, G. Michael Harvey, has filed regarding Taylor's motion for reversal and Defendant's motion for affirmance. (*See* R. & R., ECF No. 17.)[2] The Report and Recommendation reflects Magistrate Judge Harvey's opinion that Taylor's motion for reversal or remand should be denied, and that Defendant's motion for affirmance should be granted. (*See id.* at 1–2.) Specifically, Magistrate Judge Harvey finds that substantial evidence supports the ALJ's conclusion that Taylor did not have marked impairments in either of the domains of functioning that he challenges on appeal. (*See id.* at 14.) Magistrate Judge Harvey further finds that the ALJ "properly explained that he did not credit Plaintiff's subjective claims as to the severity of his symptoms because they were contradicted both by other aspects of testimony of Plaintiff and of his mother and by other objective evidence in the record." (*Id.* at 15.)

---

[2] The Report and Recommendation, which is 24 pages long, is attached hereto as Appendix A.

In addition to articulating these conclusions, Magistrate Judge Harvey's Report and Recommendation also advises the parties that either party may file written objections to the Report and Recommendation, which must include the portions of the findings and recommendations to which each objection is made and the basis for each such objection. (*Id.* at 24.) The Report and Recommendation further advises the parties that failure to file timely objections may result in waiver of further review of the matters addressed in the Report and Recommendation. (*Id.*) Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation. LCvR 72.3(b). The due date for objections has passed, and none have been filed.

This Court has reviewed Magistrate Judge Harvey's report and agrees with his thorough analysis and conclusions. Thus, the Court will **ADOPT** the Report and Recommendation in its entirety. Accordingly, Plaintiff's Motion for Reversal will be **DENIED**, and Defendant's Motion for Affirmance will be **GRANTED**.

A separate Order accompanies this Memorandum Opinion.

DATE: October 25, 2019        *Ketanji Brown Jackson*
                                             KETANJI BROWN JACKSON
                                             United States District Judge